FILED

FEB 07 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROCK MATHIS; MICHELLE MATHIS,<br><br>Plaintiffs,<br><br>v.<br><br>MILGARD MANUFACTURING, INC.,<br><br>Defendant. | Case No.: 3:16-cv-02914-BEN-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE**<br>**[Docs. 77, 78, 79]** |

Defendant Milgard Manufacturing Inc. filed three motions in limine. [Docs. 77, 78, and 79.] For the following reasons, the motions are **DENIED**.

## I.     BACKGROUND

Plaintiffs Brock Mathis and Michelle Mathis bring this products liability action to recover damages arising out of injuries Mr. Mathis sustained during an accident involving the failed installation of an "Ultra Fiberglass 123" x 60 clear tampered [sic] window" ("the Subject Window") manufactured by Defendant Milgard Manufacturing, Inc. ("Milgard"). [Doc. 1-2, p. 5.] Plaintiffs assert Milgard is liable for Mr. Mathis's injuries under California state-law theories of strict liability and products liability, as well as Mrs. Mathis's alleged resulting loss of consortium. In preparation for trial on February 26, 2019, Milgard filed three motions in limine, which the Court addresses in turn. [Docs. 77, 78, and 79.]

## II. LEGAL STANDARD

Rulings on motions in limine fall entirely within this Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006). If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony). Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. An expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education," and the testimony must, among other things, "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The trial judge screens the evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "In its role as gatekeeper, the district court determines the relevance and reliability of expert testimony and its subsequent admission or exclusion." *Barabin v. AstenJohnson, Inc.*, 2012 WL 5669685, at *2 (9th Cir. Nov. 16, 2012). Trial courts have "broad discretion" in this analysis. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir. 2000).

## III. DEFENDANT'S MOTIONS IN LIMINE

**A. Motion No. 1 – Mr. Mathis's Evidence of His Future Medical Costs [Doc. 77]**

Milgard seeks to exclude all evidence of Mr. Mathis's future medical costs, as determined by two experts. Specifically, Mr. Mathis's treating doctor and expert witness, Dr. Alexandra Schwartz, identified Mr. Mathis's future medical needs, including

identifying the CPT billing codes for that treatment. In turn, Plaintiffs' economic expert, Gregory A. Kaseno, CPA, resourced Brook Feerick, R.N. of Feerick Medical Planning, to identify reasonable billing values for the CPT codes identified by Dr. Schwartz. In essence, Milgard argues that, because Plaintiffs did not disclose Ms. Feerick as an expert under Federal Rule Civil Procedure 26(a)(2)(A), Dr. Schwartz and Mr. Kaseno's reliance on the billing values identified by Ms. Feerick (1) makes them unqualified to give expert testimony regarding the future costs of medical treatment; (2) makes their alleged future cost estimates inadmissible for lack of foundation and reliability; and (3) as a result, Ms. Freerick's inadmissible hearsay opinion is the only evidence of Mr. Mathis's future medical costs.

Federal Rule of Evidence 703 provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Thus, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. Here, the Court agrees with Plaintiffs that "the costing associated with CPT codes[1] is standardized in the medical billing industry and something [both experts] could reasonably rely upon." [Doc. 83, p. 2.] To the extent Milgard disputes the basis for the experts' opinions, Milgard can test those opinions at trial on cross-examination. *See, e.g., Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). Accordingly, the motion is **DENIED**.

---

[1] CPT medical billing codes are assigned by the American Medical Association to various medical services for the purpose of communicating uniform information about medical services and procedures.

3

### B. Motion No. 2 – Greg Kaseno's Testimony on Mr. Mathis's Loss of Household Services Claim [Doc. 78]

Milgard argues Mr. Kaseno's testimony regarding Mr. Mathis's loss of household services claim must be excluded because it is unreliable and irrelevant. Specifically, Milgard argues that (1) Mr. Kaseno improperly calculated damages based on Mr. Mathis's lost household services for his home because Mr. Mathis's father, not Mr. Mathis, owns the home, and (2) Mr. Kaseno's calculations failed to distinguish the household services Mr. Mathis provided to his family from those gratuitous services he provided to maintain his father's property, which Milgard contends are not recoverable.

Although Milgard's argument is premised on its assumption that the claimant must *own* the property for which he seeks lost household services, Milgard does not cite any authority to support that proposition. Moreover, the jury instruction cited by all parties on "Loss of Ability to Provide Household Services" does not suggest any such requirement:

> To recover damages for the loss of the ability to provide household services, [Name of Plaintiff] must prove the reasonable value of the services [he/she] would have been reasonably certain to provide to [his/her] household if the injury had not occurred.

CACI 3903E. As discussed in the instruction's comments, "The justification for awarding this type of damage as part of the loss of future earnings award is that the plaintiff should be compensated for the value of the services he would have performed during the lost years which, because of the injury, will now have to be performed by someone else." *Id.* (citing *Overly v. Ingalls Shipbuilding, Inc.*, 87 Cal. Rptr. 2d 626, 634 n. 5 (Cal. Ct. App. 1999)). Nowhere in the comments is there any discussion of a requirement that the claimant own the household property for which he seeks to recover lost household services.

Here, the parties do not dispute that the home owned by Mr. Mathis's father is, in fact, where Mr. and Mrs. Mathis reside and that Mr. Mathis provided household services to his family household. Thus, the loss of those household services are a proper economic damage element, regardless of property ownership. As Plaintiffs point out, to hold

otherwise would disqualify those individuals harmed who do not own their residence. The motion is **DENIED**.

### C. Motion No. 3 – Mr. Mathis's Past and Future Lost Earnings, Lost Profits, and Earning Capacity [Doc. 79]

Milgard moves to exclude all testimony concerning (1) Mr. Mathis's alleged past and future lost earnings, profits, and earning capacity, and (2) Mr. Mathis's business losses. In support, Milgard argues that the parties' joint jury instructions do not identify such damages categories.

Mr. Mathis agrees that he is not claiming past or future lost earnings. Mr. Mathis objects, however, to the extent that the motion in limine seeks to restrict his ability to argue, as general damages, the consequence of physical impairments in the work environment. As an example, Mr. Mathis cites that he can no longer work at elevations and has difficulty on uneven ground, testimony that he contends can be fairly considered by the jury, even if not specifically monetized. The Court agrees that such testimony would fairly go to the non-economic damages identified in the parties' joint jury instruction, "including disability, disfigurement, loss of enjoyment of life, experienced and that with reasonable probability will be experienced in the future; and mental, physical, emotional, pain and suffering experienced and that with reasonable probability will be experienced in the future." [Doc. 79-1.]

Because the motion is overbroad in its exclusion of testimony that may be relevant, it is **DENIED**. *See, e.g., Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006) (evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose). To the extent Plaintiffs offer testimony at trial that Milgard believes only concerns damages categories Mr. Mathis does not claim, Milgard may, of course, object.

## IV. CONCLUSION

For the previous reasons, Milgard's motions in limine, Docs. 77, 78, and 79, are **DENIED.**

**IT IS SO ORDERED.**

DATED: February 7, 2019

HON. ROGER T. BENITEZ
United States District Judge